**UNITED STATES, Appellee,**

v.

**James E. FLANNIGAN, Staff Sergeant,
U.S. Air Force, Appellant.**

No. 63,459.
ACM 27052.

U.S. Court of Military Appeals.

Argued May 9, 1990.

Decided Sept. 27, 1990.

For Appellant: *Captain Paul M. Danko-vich* (argued); *John M. Economidy, Esq.* (on brief); *Colonel Richard F. O'Hair.*

For Appellee: *Captain Morris D. Davis* (argued); *Colonel Robert E. Giovagnoni, Colonel Joe R. Lamport* and *Major Terry M. Petrie* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

In April and May 1988, appellant was tried by a general court-martial composed of officer members at Randolph Air Force Base, Texas. Contrary to his pleas, he was found guilty of dereliction of duty as an undercover agent in the Air Force Office of Special Investigations by failing to avoid emotional or sexual involvement with potential female investigation subjects. He

was also found guilty of wrongful use of marijuana and adultery, in violation of Articles 92, 112a, and 134, Uniform Code of Military Justice, 10 USC §§ 892, 912a, and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 7 months, and reduction to pay grade E-2. The convening authority approved the sentence as adjudged. The Court of Military Review set aside the findings of guilty on the dereliction-of-duty offense, but affirmed the remaining findings of guilty. It further approved only so much of the sentence as included a bad-conduct discharge, confinement for 7 months, and reduction to pay grade E-3. 28 MJ 988 (1989).

This Court granted review of the following issues:

## I

WHETHER AFOSI SPECIAL AGENT FLANNIGAN'S USE OF MARIJUANA AS A COVER BEFORE HIS TARGETED SUSPECTS PURSUANT TO A LEGITIMATE UNDERCOVER DRUG INVESTIGATION WAS NOT WRONGFUL AS A MATTER OF LAW. ¶ 37c(5), PART IV, MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1984; *UNITED STATES V. KUNKLE*, 23 MJ 213, 218 N. 3 (CMA 1987).

## II

WHETHER THE MILITARY JUDGE ERRED IN HIS INSTRUCTION ON WRONGFUL USE OF MARIJUANA.

We hold that, under the particular facts of this case, the military judge's failure to instruct that actual marijuana use was lawful if done by a law enforcement officer in furtherance of a legitimate drug enforcement operation, constituted prejudicial error. *See generally United States v. Rose,* 28 MJ 132 (CMA 1989).

The evidence of record contained the following. Appellant graduated in April 1987 from the Air Force Office of Special Investigations (AFOSI) Special Investigator's Course. He was selected to perform an undercover role and instructed on how to simulate drug use. However, he was also briefed that he should avoid the "simulated" use of drugs, including marijuana, if possible. After his first operation at Tinker Air Force Base, Oklahoma, in June and July of 1987 ended, he informed one of his trainers that he had successfully simulated smoking marijuana.

Appellant returned to Tinker AFB between July 30, 1987, and August 16, 1987, after being cautioned against "sexual misconduct" and "over-indulgence" in alcohol. On August 15, 1987, after having slept nude the night before with Mrs. Joann McGuire, a "potential" suspect and wife of a suspected drug supplier, appellant purchased marijuana from the McGuires. Appellant then rolled the marijuana into a cigarette and smoked it. He did not give the cover story he had been provided to avoid using marijuana.

On October 8, 1987, Special Agent William Cody interviewed appellant regarding allegations of his misconduct. Appellant informed SA Cody that he had successfully simulated smoking marijuana on two occasions at Tinker AFB. On October 10, 1987, appellant was again interviewed and stated that he might have accidentally inhaled some marijuana smoke during the "simulation." He later confessed to having intentionally smoked and inhaled the marijuana during the Tinker AFB investigations. Appellant explained that he had been threatened with death if he turned out to be an undercover police officer and had used the marijuana to maintain his cover. Later, in a written statement, appellant returned to his accidental inhalation story.

At trial, civilian defense counsel specifically requested that the members be instructed to include actual use within the law enforcement exception to Article 112a:

CIV DC: No objection, Your Honor. However, we would request that there be an instruction on what is "use," since that is what the accused is charged with. We would offer into evidence Appellate Exhibit XL, the definition of use from *United States v. Harper.*

MJ: I suppose one of the things we need to do at this point, counsel, is since we're getting into the high appellate numbers is to determine what forty is. Its my recollection that forty was "XL."

CIV DC: I never took Latin.

MJ: Nor do I—I do have a cheat sheet on that in my office, but that is certainly form over substance and we won't worry about that at this particular point in time. I will give that instruction, however. Rather than give that with the dereliction, per se, Mr. Economidy, I propose to give that with the allegation of wrongful use of marijuana and remind them, of course, that it would pertain to the dereliction as well.

TC: Your Honor, we would propose adding a sentence to that which simply states that, "A proper simulation of marijuana by a law enforcement agent is not a wrongful use of marijuana."

MJ: Well, of course, I intend to use that—that is a slightly revised version of use of a controlled substance—use of marijuana. It's not wrongful if done pursuant to legitimate law enforcement activities. For example, an informant who is force[d] to use drugs as a part of an undercover operation in order not to be discovered. That should be forced to simulate use of marijuana.

CIV DC: Could you repeat that, Judge, and tell me which spec it goes to?

MJ: Well, we sort of—I had sort of moved to the elements on wrongful use of marijuana found in paragraph 3–76.4. I'm talking about where use of marijuana would not be wrongful if it say, [is] "done pursuant to legitimate law enforcement activities. For example an informant who is forced to simulate use of marijuana as part of an undercover operation in order not to be discovered."

CIV DC: But that is with the specification on use, is that my understanding?

MJ: Beg your pardon?

CIV DC: That instruction is tied in with the specification on wrongful use, 112a?

MJ: That's correct. With that in mind, Major Sarver, did you still wish to pursue the issue of your—

TC: I think we're going to have a separate instruction regarding what use is, Your Honor. It ought to be added at the end of that separate instruction— that simulated use of marijuana is not a wrongful use.

MJ: Well, that certainly is a correct statement of the law. Do you wish to be heard on that, Mr. Economidy?

CIV DC: I think we should stay strictly with the language of the Manual for Courts–Martial on what is not wrongful use rather than speculate into other areas even though it may be a correct statement of the law.

MJ: You are suggesting, Major Sarver, is after the word "injecting" in Appellate Exhibit XL, to add the words, "proper simulation of use of marijuana is not—

TC: Is not wrongful.

MJ: —is not wrongful.

CIV DC: But it is, nonetheless, used, Your Honor. You see, my concern is that you are going to confuse the spec on simulation with the specification on use. If this instruction on use is tied only to the spec on the Article 112a violation, then you are going to confuse the jury by throwing in talk about simulation with the use. They are two separate offenses.

MJ: Well, of course, we're going to be doing that in the examples that are involved there anyway, Mr. Economidy, and I think there's no question that the two allegations are tied together—

CIV DC: Well, I understand—

MJ: —and that, of course, will be considered depending on the findings of the panel.

CIV DC: *If I may to get this on the record, the defense's contention is even simulation, where you take it into your mouth only, that is still*

use of marijuana under the definition of Harper. So, if it's done pursuant to law enforcement activities, then it is not wrongful.

MJ: I'm going to give the requested addition by the prosecution. I'm going to pen that to the end of the defense instruction in Appellate Exhibit XL for purposes of the record so that they will know where it came from. Proof of—proper—if you will give me the wording again, Major Sarver?

TC: Proper simulation by an undercover agent is not wrongful.

MJ: Very well.

CIV DC: *Your Honor, my understanding is that you are changing the instruction here of use on Page 3–154.8 of the Bench Book from use of a controlled substance to simulation of use of a controlled substance?*

MJ: *Yes.*

CIV DC: *We would strongly oppose that, Your Honor.*

MJ: Your opposition is noted on the record.

CIV DC: *Well, it's our contention that a person could outright use the stuff and it would still not be wrongful even if he did not attempt to simulate it.* If you have an undercover agent or undercover source, he has to sniff cocaine, say, he could actually use it as we understand the Manual. He doesn't have to simulate that and you're converting use to simulated use; and that's improper. I understand your position. I just want to put it on the record.

MJ: Well, and I understand yours. Of course, we're not dealing with cocaine here. We're dealing with a substance which there has been testimony to the effect that it would be virtually impossible to simulate—if not impossible to simulate the use of cocaine as opposed to marijuana where simulation is possible. Your point is on the record. I'm going to modify the instruction as I have indicated. I will then give the instruction on adultery—incidentally, I

do not believe the lesser included offense of possession of marijuana or attempted use of marijuana would be appropriate in this particular case. Does counsel for either side wish to be heard on that?

TC: We agree with you, Your Honor.

CIV DC: The defense does not.

(Emphasis added.)

The military judge subsequently gave the following instructions regarding the wrongful-use-of-marijuana specification:

In the Specification of Additional Charge II, the accused is charged with the offense of wrongful use of marijuana. In order to find the accused guilty of this offense, you must be convinced by legal and competent evidence beyond a reasonable doubt of the following elements: first, that at or near Tinker Air Force Base, Oklahoma, on divers occasions between on or about 1 July 1987 and on or about 18 August 1987, the accused used marijuana; and, secondly, that use of marijuana by the accused was wrongful. Use of marijuana is the act of administration, ingestion, or physical assimilation of the drug into one's body or system. Particular forms of this act are smoking, sniffing, eating, drinking or injecting. *Proper simulation by an undercover agent is not wrongful.* To be punished under Article 112a of the Uniform Code of Military Justice, use of marijuana must be wrongful. Use of marijuana is wrongful if it is a knowing and conscious use without legal justification or authorization. *Now use of marijuana would not be wrongful if it were, for instance, done pursuant to legitimate law enforcement activities. For example, an informant who is forced to simulate use of marijuana as a part of undercover operations in order not to be discovered* or if it were done by authorized personnel in the performance of legitimate medical duties or experiments or if it were done without knowledge of the contraband nature of the substance. Use of marijuana may be inferred to be wrongful in the absence of evidence to

the contrary. However, the drawing of this inference is not required.

\* \* \* \* \* \*

The evidence has raised the issue of accident in relation to the offense of dereliction of duty by failing to *simulate the use of marijuana.* There has been testimony that the accused claimed he inhaled the marijuana accidentally. Accident is a complete defense to the offense of dereliction of duty by failing to simulate the use of marijuana. If the accused was doing a lawful act in a lawful manner free of any negligence or culpable inefficiency on his part and an unexpected result occurs, the accused is not criminally responsible. The defense of accident has three parts; first, the accused's act leading to the result must have been lawful; second, the accused must not have been negligent or culpably inefficient. In other words, the accused must have been acting with the amount of care that a reasonably prudent person would have used under the same or similar circumstances; third, the inhalation of the marijuana must have been unforeseeable and unintentional. The burden is on the prosecution to establish the guilt of the accused. You must be convinced beyond a reasonable doubt that the inhalation of the marijuana was not an accident before you can convict the accused.

\* \* \* \* \* \*

The evidence has raised the *issue of duress* in relation to the offenses of dereliction of duty by willfully, negligently, or in a culpably inefficient manner *failing to simulate the use of marijuana and the offense of wrongful use of marijuana.* "Duress" means compulsion or coercion. It is causing another person to do something against his will by the use of either physical force or psychological coercion. There has been testimony that the accused stated to various persons that he was scared during the undercover operations and that undercover agents feel a constant threat due to the very nature of their duties. *To be a defense the amount of duress used on the accused whether physical or psychological must have been sufficient to cause a reasonable fear that if he did not commit the offenses, he would be killed or suffer serious bodily injury.* The amount of coercion or force must have been sufficient to have caused a person of normal strength and courage to give in. The fear that has caused the accused to commit the offenses must have been fear of death or serious bodily injury and not simply fear of injury to reputation or property. The threat and resulting fear must have continued throughout the commission of the offenses. If the accused had a reasonable chance to avoid committing the offenses without subjecting himself to the threat and danger, the defense of duress does not exist. The burden is on the prosecution to establish the accused's guilt beyond a reasonable doubt. *Duress is a complete defense to* the offenses of dereliction of duty by failing—excuse me—by willfully, negligently or in a culpably inefficient manner failing to simulate the use of marijuana and *the offense of wrongful use of marijuana.* If you are convinced beyond a reasonable doubt that the accused did not act under duress, the defense of duress does not exist.

(Emphasis added.)

---

■ The parties to this appeal agree that a law enforcement exception *may* exist for drug offenses under Article 112a[1]

1. § 912a. Art. 112a. *Wrongful use, possession, etc., of controlled substances*

(a) Any person subject to this chapter who wrongfully uses, possesses, manufactures, distributes, imports into the customs territory of the United States, exports from the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces a substance described in subsection (b) shall be punished as a court-martial may direct.
(b) The substances referred to in subsection (a) are the following:
(1) Opium, heroin, cocaine, amphetamine, lysergic acid diethylamide, methamphetamine, phencyclidine, barbituric acid, and

when committed by military criminal investigators during their drug investigations. *See* para. 213(g), Manual for Courts–Martial, United States, 1969 (Revised Edition) (Change 7).[2] They also agree that this exception extends beyond simulation of drug use to actual drug use in the form of smoking marijuana. *See* Section 3–76.4, Department of the Army Pamphlet 27–9,

> marijuana and any compound or derivative of any such substance.
> (2) Any substance not specified in clause (1) that is listed on a schedule of controlled substances prescribed by the President for the purposes of this article.
> (3) Any other substance not specified in clause (1) or contained on a list prescribed by the President under clause (2) that is listed in schedules I through V of section 202 of the Controlled Substances Act (21 U.S.C. 812).

2. Paragraph 213(g) stated:

> (5) *Wrongfulness.* To be punishable under Article 134, possession, use, distribution, introduction, or manufacture of a controlled substance must be wrongful. Possession, use, distribution, introduction, or manufacture of a controlled substance is not wrongful if such act or acts are: *(A) done pursuant to legitimate law enforcement activities (for example, an informant who receives drugs as part of an undercover operation is not in wrongful possession);* (B) done by authorized personnel in the performance of medical duties; or (C) without knowledge of the contraband nature of the substance (for example, a person who possesses cocaine, but actually believes it to be sugar, is not guilty of wrongful possession of cocaine). But, possession, use, distribution, introduction, or manufacture of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary. The burden of going forward with evidence with respect to any such exception in any court-martial or other proceeding under the code shall be upon the person claiming its benefit.
>
> If such an issue is raised by the evidence presented, then the burden of proof is upon the United States to establish that the use, possession, distribution, manufacture, or introduction was wrongful.

(Emphasis added.)

3. 3–76.4. Drugs, Wrongful Use (Article 112a).

\* \* \* \* \* \*

> b. *ELEMENTS OF THE OFFENSE.*
> (1) That, at (*state the time and place alleged*), the accused used (*state the drug alleged*) (a controlled substance); and
> (2) That the use by the accused was wrongful.
> To be punishable under Article 112a, use of a controlled substance must be wrongful. *Use of a controlled substance is wrongful if it is*

*Military Judges' Benchbook* at 3–154.8 (Change 1, 1985)[3] However, these same parties disagree as to whether proper instructions on this exception were given to the members in appellant's case and whether the failure to do so was prejudicial error. *See* para. 37c(5), Part IV, Manual for Courts–Martial, United States, 1984.[4] *See*

> *without legal justification or authorization. [Use of a controlled substance is not wrongful if: (a) done pursuant to legitimate law enforcement activities (for example, an informant who is forced to use drugs as part of an undercover operation in order not to be discovered);* or (b) done by authorized personnel in the performance of medical duties or experiments; or (c) without knowledge of the contraband nature of the substance.] Use of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary. However, the drawing of this inference is not required.

\* \* \* \* \* \*

> *References:*
> Paragraph 37, Part IV, MCM, 1984
> 21 U.S.C. § 801 *et seq.*
> 21 CFR 1308.1–1308.15
> Military Rules of Evidence 201, 201A.

(Emphasis added.)

4. Paragraph 37c(5), Part IV, Manual for Courts–Martial, United States, 1984, states:

> (5) *Wrongfulness.* To be punishable under Article 112a, possession, use, distribution, introduction, or manufacture of a controlled substance is wrongful if it is without legal justification or authorization. Possession, use, distribution, introduction, or manufacture of a controlled substance *is not wrongful if such act or acts are: (A) done pursuant to legitimate law enforcement activities (for example, an informant who receives drugs as part of an undercover operation is not in wrongful possession);* (B) done by authorized personnel in the performance of medical duties; or (C) without knowledge of the contraband nature of the substance (for example, a person who possesses cocaine, but actually believes it to be sugar, is not guilty of wrongful possession of cocaine). Possession, use, distribution, introduction, or manufacture of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary. The burden of going forward with evidence with respect to any such exception in any court-martial or other proceeding under the code shall be upon the person claiming its benefit.
>
> If such an issue is raised by the evidence presented, then the burden of proof is upon the United States to establish that the use, possession, distribution, manufacture, or introduction was wrongful.

(Emphasis added.)

*generally* 21 USC § 885(d).[5]

We note that the military judge specifically refused to give the "actual use" instruction requested by the defense. The Government on appeal before us has substantially conceded that a proper instruction on this exception to Article 112a would include actual use as well as simulated use. However, the Government argues, from the findings of guilty and the evidence in this case, that the members found appellant was not truly engaged in a legitimate law enforcement activity, but rather in a private act. Accordingly, it suggests that failure to include actual use in the explanation of the scope of this inapplicable exception was harmless error. Art. 59(a), UCMJ, 10 USC § 859(a). We disagree.

Appellant was found guilty by the members of actual use of marijuana and of dereliction of duty by failing to simulate use of marijuana. There was no special finding that he failed to qualify for the above exception to Article 134 because he was engaged in private rather than legitimate law enforcement activities. Also, under the instructions of the judge, he could have been found guilty of both these offenses simply because the members found he used marijuana rather than simulated marijuana use. Finally, there was evidence presented in this case that appellant smoked marijuana because he felt his cover would be exposed. A finding of harmless error in these circumstances is not warranted.

The Government, nevertheless, asserts that the instructions in this case, as a whole, were sufficient to fully explain this exception to Article 112a. It ambiguously

recognizes that "a law enforcement agent may possess or use drugs in the proper execution of legitimate law enforcement activities if reasonably necessary to conceal his identity *and* protect himself from retaliation." (Emphasis added.) Then, it contends that the duress instructions which were given to the members on the use offense "adequately and properly afforded appellant an opportunity to avail himself of this exception."

We note that the Government later in its brief agrees with appellant that this exception extends to situations where an agent uses marijuana to maintain his cover. However, the instructions on duress did not extend this defense to the situation where the investigator reasonably believed such conduct by the military criminal investigator was necessary solely to protect his cover in the performance of his duty. *See generally* Section 3.03, Part I, ALI *Model Penal Code and Commentaries,* 22 (1985). Accordingly, the duress-instruction argument of the Government is fatally undermined by its own brief.

The decision of the United States Air Force Court of Military Review is reversed as to Additional Charge II and the sentence. The findings of guilty thereon are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered on Additional Charge II and the sentence, or Additional Charge II may be dismissed and a rehearing on sentence may be held based on Additional Charge III.

Chief Judge EVERETT and Judge COX concur.

We do not construe 21 USC § 885(d) so broadly as to confer immunity for any and all acts committed in the course of a legitimate drug-enforcement operation. We, therefore, find no grant of immunity extending to appellant's adulterous activities, even though such acts were done during the existence of a legitimate law enforcement activity. *See generally United States v. Reeves,* 730 F.2d 1189, 1195 (8th Cir.1984); *United States v. Odum,* 625 F.2d 626, 630 (5th Cir.1980); *Matje v. Leis,* 571 F.Supp. 918, 929 n. 3 (S.D.Ohio, 1983).

---

**5.** Section 885(d) of Title 21 provides:

Except as provided in section 2234 and 2235 of Title 18, no civil or criminal liability shall be imposed by virtue of this subchapter upon any duly authorized Federal officer lawfully engaged in the enforcement of this subchapter, or upon any duly authorized officer of any State, territory, political subdivision thereof, the District of Columbia, or any possession of the United States, who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances.