
UNITED STATES, Appellee

v.

Christopher I. HARRIS, Private
U.S. Army, Appellant.

No. 93–1251.
CMR No. 9201198.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 11, 1994.

Decided March 22, 1995.

For Appellant: *Major Roy H. Hewitt* (argued); *Lieutenant Colonel James H. Weise* (on brief); *Lieutenant Colonel John T. Rucker.*

For Appellee: *Captain John G. Giovannelli* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel James L. Pohl, Major Joseph C. Swetnam* (on brief); *Colonel John M. Smith* and *Captain Michael E. Mulligan.*

*Opinion of the Court*

WISS, Judge:

1. Appellant pleaded guilty at his general court-martial to using cocaine (2 specifications), distributing cocaine (3 specifications), and absence without leave. *See* Arts. 112a and 86, Uniform Code of Military Justice, 10 USC §§ 912a and 886, respectively. Upon completing a providence inquiry into the pleas, the military judge accepted them and sentenced appellant to a bad-conduct discharge, confinement for 3 years, and total forfeitures. The findings and sentence remain intact through the convening authority's action and the appeal in the Court of Military Review.*

2. In this Court, however, appellant seeks to set aside his drug convictions on the ground that the sting operation that snagged him was so outrageous that it denied him due process. More particularly, he complains that government agents targeted him for drug transactions even though they knew that he then was enrolled in the Army Alcohol and Drug Abuse Prevention and Control Program (ADAPCP). 39 MJ 25. He relies upon portions of the various opinions in *United States v. Cooper,* 35 MJ 417 (CMA 1992) [*Cooper II* ], *cert. denied,* —— U.S. ——, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993), and *United States v. Cooper,* 33 MJ 356 (CMA 1991) [*Cooper I* ]. We do not agree.

3. "[A]s we indicated in *Cooper I,* 33 MJ at 358, we will not condone the targeting of

* *See* 41 MJ 213, 229 n. * (1994).

ADAPCP clients." *United States v. Bell,* 38 MJ 358, 368 (Cox, J.). Appellant's colloquy with the military judge, however, made clear that his ADAPCP enrollment was as an alcoholic, not as a illegal-drug addict. Indeed, appellant indicated that he consciously enrolled only as an alcoholic (which he was), because he wished to conceal his cocaine addiction—apparently in the hope that the program indirectly could help him handle his cocaine addiction, as well. The following exchanges during the providence inquiry make this clear:

> ACC: ... I had self-referred myself to that program for alcohol because I didn't want to dispose [sic] myself to using drugs and I figured I can get my drug problem handled through this program if it can help me with my drinking, which I had a, I had a little fault with my drinking also, sir....

> \* \* \*

> MJ: Now, as I understand it, you enrolled yourself or you had a cocaine addiction,—

> ACC: Yes, sir,—

> MJ: —but you didn't want to reveal that you were a cocaine user, drug user,—

> ACC: —yes, sir, so I—

> MJ: —so you enrolled yourself into the Alcohol Abuse Program here at Fort Ord?

> ACC: Yes, sir.

4. Thus, even assuming *arguendo* that appellant correctly comprehends the legal principles of the *Cooper* opinions, *see United States v. Bell, supra,* he incorrectly assumes that they apply to his particular circumstance. Appellant had neither acknowledged his illegal drug abuse through self-referral nor been referred by command or medical personnel for illegal drug use under the program's regulatory provisions. *See* paras. 3–2, 3–3, 3–4, and 3–5, Army Regulation 600–85, Alcohol and Drug Abuse Prevention and Control Program (21 October 1988). Moreover, appellant does not now assert that law enforcement agents took advantage of his drug addiction, knowing that his real reason for enrolling in ADAPCP was to overcome it. In that posture, he is no different from any other ordinary serviceperson as to protection against approach by law enforcement agents like that in this case.

5. In other words, for purposes of determining whether appellant's enrollment in ADAPCP as an abuser of a legal chemical substance (alcohol) afforded any buffer against approach by government agents to test appellant's readiness to use and traffic in a contraband substance, it is as though appellant were not enrolled in ADAPCP at all; his status as a confessed alcoholic under treatment is legally irrelevant in this prosecution for cocaine offenses under these circumstances. *See generally United States v. Sloan,* 35 MJ 4, 9 (CMA 1992) (an accused may assert protection of a regulation "only if it was prescribed to protect an accused's rights").

6. Accordingly, under any reading of the various opinions in *Cooper I, Cooper II,* and *Bell,* nothing in appellant's providence inquiry was inconsistent with his guilty pleas by way of suggesting that he was deprived of due process by the Government's actions. In this light, the military judge did not err by accepting appellant's guilty pleas as provident. *See* Art. 45(a), UCMJ, 10 USC § 845(a).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.