UNITED STATES, Appellee

v.

Franklin T. WILSON, Technical Sergeant
U.S. Air Force, Appellant.

No. 95–0218.
Crim.App. No. 30345.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 3, 1996.

Decided July 30, 1996.

For Appellant: *Captain Kevin P. Koehler* (argued); *Colonel Jay L. Cohen and Captain J. Knight Champion III* (on brief); *Lieutenant Colonel Joseph L. Heimann.*

For Appellee: *Major Jane M.E. Peterson* (argued); *Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

On October 7 and 8, 1992, appellant was tried by a general court-martial composed of a military judge sitting alone at Shaw Air Force Base, South Carolina. In accordance with his pleas he was found guilty of cocaine use (3 specifications) and cocaine possession, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. Contrary to his pleas, he was found guilty of communicating threats to an agent of the Air Force Office of Special Investigations (OSI) (2 specifications), in violation of Article 134, UCMJ, 10 USC § 934. He was sentenced to a bad-conduct discharge, 14 months' confinement, and reduction to airman basic. On December 22, 1992, the convening authority approved this sentence. On November 22, 1994, the Court of Criminal Appeals dismissed one specification of using cocaine and affirmed a sentence of a bad-conduct dis-

charge, confinement for 12 months, and reduction to E–2. 41 MJ 668, 672.

On June 30, 1995, this Court granted review on the following issue of law:

> WHETHER APPELLANT'S PLEAS OF GUILTY TO THE SPECIFICATIONS OF CHARGE I (USE AND POSSESSION OF COCAINE) WERE IMPROVIDENT AS A MATTER OF DUE PROCESS BECAUSE APPELLANT BECAME ADDICTED TO COCAINE AS A RESULT OF HIS UNDERCOVER WORK WITH LOCAL POLICE AUTHORITIES AND THE OSI'S ACTIONS WERE OUTRAGEOUS.

We hold that appellant's pleas of guilty were provident on the record before us both in law and fact, so no remedial action is warranted. *See United States v. Harrison,* 26 MJ 474 (CMA 1988); *cf. United States v. Flannigan,* 31 MJ 240, 244–45 (CMA 1990).

As noted above, the Court of Criminal Appeals set aside appellant's conviction for drug use while he was acting as an informant for the Sumter County, S.C., Sheriff's Department. However, it upheld his conviction for drug use and possession after his association with that law enforcement agency was terminated. The court below articulated the facts concerning these offenses, as follows:

> Appellant pled guilty to Charge I and its three specifications, which alleged two uses of cocaine occurring, respectively, between 25 and 31 May 1992 and between 12 and 15 June 1992, and cocaine possession on 15 June 1992. He also pled guilty to Additional Charge I, which (after exceptions and substitutions by the accused's plea) alleged cocaine use at divers times between 14 February 1991 and 1 February 1992. During the *[United States v.] Care* [18 USCMA 535, 40 CMR 247 (1969)] inquiry, the appellant told the military judge that he became addicted to "crack" cocaine while working as a drug informant for the Sumter County, South Carolina, Sheriff's Department. He said his addiction started in February 1991, when he was forced to use the drug by a supplier to prove that he was not an informer. According to the appellant, ". . . ever since it was like, that one hit, it was like gone. Going on. Couldn't stop."

> * * *

> Turning to the instances of cocaine use and possession alleged in the specifications of Charge I to have occurred in May and June of 1992, the appellant expressly conceded he was not working in any law enforcement capacity at the time of these offenses. Appellant said that he needed the cocaine, and took the opportunities to use and possess the drug presented to him by the AFOSI informant and undercover agents.[5] However, the appellant maintained that his addiction to "crack" had begun with his work as a drug informant for the Sumter County Sheriff's Department.

> ---

> [5] According to prosecution evidence, AFOSI agents got wind of the appellant's drug involvement and successfully targeted him for a "reverse sting" operation.

41 MJ at 669, 670–71 (footnote omitted).

———

Appellant attacks his pleas of guilty on two related grounds. First, he "asserts that his drug use subsequent to the time when he had to protect himself from detection from Fat Mike's friends was not voluntary but the result of the extreme addictive nature of crack cocaine." Final Brief at 4. This so-called defense is based on the opinion of this Court in *United States v. Flannigan,* 31 MJ 240 (1990). Second, appellant "asserts that he was entrapped into possessing the cocaine because the conduct used by the OSI agents was outrageous. The agents in appellant's case knew he was addicted to cocaine and invited him to a hotel room where they told him he could get drugs for free." Final Brief at 4 (citation omitted). He bases this argument on the decisions of this Court in *United States v. Bell,* 38 MJ 358 (1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 724, 130 L.Ed.2d 629 (1995), and *United States v. Lemaster,* 40 MJ 178 (1994). We reject both arguments.

■ Appellant's initial contention on this appeal is that his guilty-plea responses creat-

ed a substantial conflict with his pleas of guilty to the cocaine offenses that remain in this case. He impliedly suggests that possession or use of drugs caused by an addiction, incurred as a result of earlier drug use necessitated by police activities, is not unlawful. *See* para. 37c(5), Part IV, Manual for Courts–Martial, United States, 1984, *quoted in United States v. Flannigan,* 31 MJ at 245 n. 4.* We disagree.

The decision of this Court in *Flannigan* was based on paragraph 37c(5); concessions of the parties in that case; and 21 USC § 885(d). We held that use of marijuana was not unlawful if done by a law enforcement officer under certain circumstances in furtherance of a legitimate drug enforcement operation. Appellant received the benefit of this decision when the Court of Criminal Appeals vacated his pleas of guilty to drug use because he worked as an informant for the civilian police and was required to use drugs to prove he was not an informer.

Appellant's argument that *Flannigan* also covers the other offenses in his case is most unpersuasive. First, he conceded that he was not acting with the approval of law enforcement authorities, state or military, at the time of his later uses and possession of drugs. Thus, in the sense intended in *Flannigan* his purported vigilante drug investigation could not reasonably be considered "legitimate." Second, there was no showing in this case that his additional uses and possession of drugs were necessary to protect his life or his cover. Absent these conditions, our decision in *Flannigan* does not apply. Moreover, we are not inclined to extend that decision to grant *carte blanche* immunity to one-time police informants for use of drugs when and how they see fit.

■ Appellant also argues that his plea of guilty to drug possession should be set aside because the Government's outrageous conduct entrapped him. He asserts that "[t]he agents in appellant's case knew he was addicted to cocaine and invited him to a hotel room where they told him he could get drugs for free." Final Brief at 4. He relies on the decisions of this Court in *United States v. Bell* and *United States v. Lemaster,* both *supra.* We again disagree.

■ Appellant pleaded guilty in this case and expressly waived all possible factual issues concerning his guilt of the charges to which he was pleading guilty. *See* RCM 910(j), Manual, *supra; cf. United States v. Bell, supra; United States v. Cooper (I ),* 33 MJ 356 (CMA 1991). Neither post-trial speculation (*United States v. Harrison,* 26 MJ 474 (CMA 1988)) nor post-trial affidavits as to putative defenses (*United States v. Miles,* 12 MJ 377, 379 (CMA 1982)) are a proper basis to upset guilty pleas prefaced by a providence inquiry appearing to be regular on its face. The record of trial before us makes clear that appellant was not enrolled in any service program for drug abusers at the time of his alleged offenses. *Cf. United States v. Harris,* 41 MJ 433 (1995). Moreover, there is no indication in the record that the OSI knew that appellant was a cocaine addict enrolled in a treatment program and preyed on that addiction. *See United States v. Cooper, supra* at 358; *United States v. Bell, supra.* In these circumstances, we conclude that no substantial question was raised as to the validity of appellant's guilty pleas. *See United States v. Prater,* 32 MJ 433 (CMA 1991).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX, Judges CRAWFORD and GIERKE, and Senior Judge EVERETT concur.

---

* Appellant couches his argument in terms of voluntariness. He cites no authority, however, for the proposition that an addict can defend against a drug-use charge on the basis of his addiction.

*See Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); *see generally* R. Perkins and R. Boyce, *Criminal Law* 1015–18 (3d ed. 1982).